Matter of Martinez v Martinez (2019 NY Slip Op 01766)





Matter of Martinez v Martinez


2019 NY Slip Op 01766


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-00113
2018-00114
 (Docket No. O-5595-16)

[*1]In the Matter of Guadalupe Vidal Martinez, respondent, 
v
Everado Israel Martinez, appellant.


Helene Chowes, New York, NY, for appellant.
Sullivan & Cromwell, LLP, New York, NY (Aaron J. Gold of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Everado Israel Martinez appeals from (1) an order of fact-finding and disposition of the Family Court, Queens County (Dweynie E. Paul, J.), dated November 15, 2017, and (2) an order of protection of the same court, also dated November 15, 2017. The order of fact-finding and disposition, after fact-finding and dispositional hearings, found that Everado Israel Martinez committed the family offenses of harassment in the second degree and disorderly conduct. The order of protection, inter alia, directed Everado Israel Martinez to stay away from the petitioner for a period up to and including March 19, 2018.
ORDERED that the order of fact-finding and disposition and the order of protection are affirmed, without costs or disbursements.
The parties, who were never married, lived together from 2006 to February 29, 2016. On March 18, 2016, the petitioner filed a family offense petition in the Family Court seeking an order of protection against the appellant, alleging that he had committed family offenses against her. Following a fact-finding hearing, the court determined that the appellant's conduct constituted the family offenses of harassment in the second degree and disorderly conduct. The court issued an order of protection directing that the appellant stay away from the petitioner for a period up to and including March 19, 2018.
Although the order of protection expired by its own terms, the appeal from that order has not been rendered academic "given the totality of [its] enduring legal and reputational consequences" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; see Matter of Blamoville v Culbertson, 151 AD3d 1058, 1059).
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (Matter of Washington v Washington, 158 AD3d at 718; see Matter of Magana v Delph, 163 AD3d 673, 674; Matter of Pierre v Dal, 142 AD3d 1021, 1023). The Family Court's [*2]determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Washington v Washington, 158 AD3d at 718; Matter of Pierre v Dal, 142 AD3d at 1023; Matter of Maiorino v Maiorino, 107 AD3d 717).
Contrary to the appellant's contentions, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offenses of harassment in the second degree and disorderly conduct (see Penal Law §§ 240.20[1], 240.26[1]). Accordingly, there is no basis to disturb the orders appealed from (see Matter of Magana v Delph, 163 AD3d at 674; Matter of Washington v Washington, 158 AD3d at 718-719).
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court